CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
DEC 01 2010
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| JOAN REAVES, | ) | CASE NO. 4:10CV00010 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | By: B. Waugh Crigler |
| Defendant. | ) | U. S. Magistrate Judge |
| | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's May 28, 2006 application for a period of disability and disability insurance benefits under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416 and 423 is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this action from the docket of the court.

In a decision issued on January 25, 2008, an Administrative Law Judge ("Law Judge") found that plaintiff had not engaged in substantial gainful activity after 2007 through her date last insured, December 31, 2002[1]. (R. 13.) The Law Judge determined plaintiff suffered the

---
[1] In order to qualify for disability insurance benefits, plaintiff must establish that she became disabled prior to the expiration of her insured status, December 31, 2002. See 20 C.F.R. § 404.131(a).

following medically determinable impairments: chondromalacia of the right knee, bilateral carpal tunnel syndrome, a hiatal hernia, uterine prolapse and gastroesophageal reflux. (R. 14.) The Law Judged concluded that through her date last insured, plaintiff did not suffer a severe impairment or combination of impairments. (R. 15.) Ultimately, the Law Judge found plaintiff was not disabled. (R. 19.)

Plaintiff appealed the Law Judge's January 25, 2008 decision to the Appeals Council. (R. 1-3.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 1.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In a brief filed in support of her motion for summary judgment, plaintiff argues that the Law Judge erred by failing to find that the impairments of her knees and hands were severe impairments. (Pl's Brief, pp. 21-23[2].) A severe impairment is one which, either alone or in combination with another impairment, significantly limits the claimant's physical or mental

---

[2] Plaintiff's brief is not paginated. For ease of reference, the undersigned has assigned page numbers to the document.

2

ability to perform basic work activities[3]. 20 C.F.R. § 416.920(c). To be non-severe, an impairment must be more than "a *slight abnormality* which has such a *minimal effect* on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Evans v. Heckler,* 724 F.2d 914, 920 (4th Cir.1984) (emphasis in original). The burden is on the plaintiff to provide medical evidence establishing the existence and severity of a claimed impairments and to establish how those impairments affect work-related functioning. 20 C.F.R. § 416.912(a).

The Law Judged concluded that, through her date last insured, plaintiff did not have a medically determinable impairment which significantly interfered with her ability to perform basic work tasks for twelve consecutive months; thus, she did not suffer a severe impairment or combination of impairments. (R. 15.)

The record reveals that plaintiff suffered degenerative arthritis in both knees and had a total right knee replacement in October 2002. However, there is no suggestion in the medical evidence that plaintiff received anything more than routine treatment for her knees following the October 2002 surgery. Moreover, the record reveals that plaintiff reported in March 2005 that she frequently was able to work out at the gym. (R. 246.)

Plaintiff's evidence concerning the existence and effects of a hand impairment is equally unavailing on a substantial evidence review. While the evidence reveals that she suffered bilateral carpal tunnel syndrome for which she underwent bilateral carpal tunnel release in July

---

[3] Basic work activities are the abilities and aptitudes necessary to do most jobs, including: physical functions such as sitting and standing; capacities for seeing, hearing and speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervisors, co-workers and usual work situations; and dealing with changes in a routine work setting. 20 C.F.R. § 416.921(b)(1)-(6).

2002, there is little to demonstrate that the condition impacted her ability to perform basic work activities. In fact, just four weeks after her surgery, the treating surgeon concluded that plaintiff was doing "quite well" and had a full range of motion in her hand and wrist. (R. 315.)

The opinions offered by the State agency record reviewing physician further support the Law Judge's finding. Robert Chaplin, M.D. opined that prior to her date last insured, plaintiff did not suffer any postural or manipulative limitations. Specifically, he found that she failed to show any limitations on climbing, balancing, stooping kneeling, crouching, or crawling. (R. 284.) The physician further concluded that plaintiff had no limitations in her abilities to reach in all directions (including overhead); handling (gross manipulation); fingering (fine manipulation); and feeling (skin receptors). (*Id.*)

Next, plaintiff contends that the Law Judge did not give proper regard to her complaints of pain and corresponding limitations. (Pl's Brief, pp. 16-21.) Plaintiff argues that her complaints of pain and corresponding limitations are consistent with her described physical activities and otherwise consistent with the record as a whole. (Pl's Brief, pp. 17-21.)

A claimant's subjective complaints of pain must be supported by the objective medical evidence. *Craig,* 76 F.3d at 591; *Johnson v. Barnhart,* 434 F.3d 650, 657 (4th Cir. 2005). Specifically, the evidence needs to show the existence of a medical impairment which could reasonably be expected to produce the amount and degree of pain alleged. *Craig,* 76 F.3d at 591; *Johnson,* 434 F.3d at 657.

Social Security Ruling ("SSR") 96-7p establishes a two-step process for evaluating or assessing a claimant's statements about his or her symptoms. Initially, the Law Judge must

4

determine whether there is an underlying medically determinable impairment which could be expected to produce the symptoms alleged by the claimant. Once such an underlying medically determinable impairment has been found, the Law Judge must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which the symptoms limit the claimant's ability to perform basic work activities. When the claimant's statements about the intensity, persistence, or functionally limiting effects of the symptoms are not supported by substantial objective medical evidence, the Law Judge must evaluate the claimant's credibility based on the entire record.

The Law Judge was of the belief that plaintiff made statements which detracted from her credibility and that, although her medically determinable impairments could reasonably have been expected to produce the alleged symptoms, her statements concerning the intensity, persistence and limiting effects of these symptoms were not entirely credible. (R. 16.)

Although plaintiff has alleged disabling pain prior to her date last insured, the Law Judge's decision not to credit that allegation is supported by substantial evidence. For instance, the opinions offered by the State agency record reviewing physicians belie plaintiff's allegations. Dr. Chaplin evaluated plaintiff's medical records during the relevant time period and determined that, although plaintiff's statements regarding her *current* limitations may be credible, the onset of the alleged limitations post date her date last insured. (R. 287.) Dr. Chaplin concluded that the evidence was inadequate to address plaintiff's credibility prior to her date last insured. (*Id.*) William Martin, Jr., M.D. evaluated plaintiff's medical records and confirmed Dr. Chaplin's

assessment. (R. 308.) The undersigned cannot say that these views are unreasonable or so out of line with the record as to render them unsupported by substantial evidence.

Finally, plaintiff contends that the Law Judge erred by failing to consider all of her impairments. (Pl's Brief, pp. 23-24.) Specifically, plaintiff argues that the Law Judge overlooked the "uncontroverted" evidence that she is obese and takes prescribed medications which cause her to experience significant side effects. (*Id.*)

Obesity is considered a "medically determinable impairment" whose effects are to be considered when evaluating disability, including the severity of an individual's impairments. Social Security Ruling ("SSR") 02-01p, 2000 WL 628049 *1, *3. Moreover, SSR 02-01p provides that "the combined effects of obesity with other impairments can be greater than the effects of each of the impairments considered separately." *Id.* at *1.

Plaintiff has offered no hint to aid the court in identifying the additional limitations she claims she suffered as a result of her obesity. In her brief, the only evidence cited by plaintiff is that her surgeon noted on May 14, 2002 the fact she was obese[4]. (Pl's Brief, p. 22.)

Plaintiff has also failed to show that the medication she was taking during the relevant time period created additional limitations which were not properly evaluated by the Law Judge. The only evidence cited by plaintiff is her own statement in a Pain Questionnaire she completed. This allegation, even if true, is simply not supported by the record because there is no indication that plaintiff experienced side effects from his medication which produced additional functional limitations. At bottom, plaintiff has failed to cite to any portion of the record that would suggest she reported any limiting side effects to her treating sources.

---

[4] On that date, plaintiff was 5'3" tall and weighed 221 pounds. (R. 313.)

For all these reasons, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

12/1/10
Date